IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA MOSCHETTI,

 Plaintiff,

v.               No. 16-cv-1011 SMV/GBW

WAL-MART STORES EAST, LP,

 Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Complaint [Doc. 1], filed by Plaintiff on September 9, 2016. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 10th Cir. 1988). The Court, having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order Plaintiff to file an amended complaint no later than October 19, 2016, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

### BACKGROUND

On September 9, 2016, Plaintiff filed her Complaint. [Doc. 1]. She attempts to invoke the Court's diversity jurisdiction. *Id.* at 1–2. She asserts that she "is an individual residing in Lea County, New Mexico." *Id.* at 1. She makes the following assertions about the citizenship of Defendant:

> 2. Defendant WAL-MART STORES EAST, LP (hereinafter "WAL-MART") is a foreign Limited Partnership registered to do business in New Mexico. Service can be had through its registered agent for service of process, Corporation Process Company at 205 E. Bender, Suite 150[,] Hobbs, New Mexico 88240.
>
> 3. Defendant WAL-MART STORES EAST, LP is and was at the time Plaintiff commenced this action, a Delaware limited partnership. Its sole general partner, WSE Management, LLC, is a Delaware limited liability company. Its sole limited partner WSE Investment, LLC, is also a Delaware limited liability company. Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.) is the sole member of WSE Management, LLC and WSE Investment, LLC. Wal-Mart Stores East, LLC is an Arkansas limited liability company. The principal place of business for all entities mentioned is Bentonville, Arkansas. Accordingly, WAL-MART STORES EAST, LP, is not a citizen of the State of New Mexico for diversity purposes. *See* 28 U.S.C. § 1332(c)(1) (stating "a corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").
>
> 4. Thus, there is complete diversity of citizenship between Plaintiff and Defendant as required by 28 U.S.C. § 1332.

[Doc. 1] at 1–2. Furthermore, she claims more than $75,000 in damages. *Id.* at 2. Nevertheless, Plaintiff makes no allegation about her own citizenship, and the allegations of citizenship as to Defendant's members are inadequate. *See* [Doc. 1].

**LEGAL STANDARD**

A plaintiff is required to assert the basis of subject matter jurisdiction in her complaint. Fed. R. Civ. P. 8. Additionally, the district court must be satisfied that, indeed, it has subject matter jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Subject matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time. *Louisville & Nashville R.R. Co. v. Motley*, 211 U.S. 149, 152 (1908).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a). Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Determining the citizenship of a partnership, limited partnership, or limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated *and* in which it maintains its principal place of business. *See* § 1332(c). Partnerships, limited partnerships, and limited liability companies, however, are citizens of each and every state in which any partner or member is a citizen. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (the citizenship of business entities is determined by the citizenship of its members); *Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1522–23 (10th Cir. 1991) (remanding for district court to determine the citizenship of all of the members of the plaintiff limited partnership); *Siloam Springs Hotel*, 781 F.3d at 1234 (remanding to district court to determine the citizenship of all the members of the plaintiff limited liability company).

Here, the facts set forth in the Complaint do not sufficiently establish Plaintiff's citizenship because they address only her residence.  Further, the allegations fail to establish the citizenship of Defendant because they fail to allege the citizenship of each of its members.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff shall amend her Complaint to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **October 19, 2016**.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by **October 19, 2016**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**